Tigranuhi GEVORGYAN; Nerses Gevorgyan, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71703.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

---

Tigranuhi Gevorgyan, N. Hollywood, CA, pro se.

Nerses Gevorgyan, N. Hollywood, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H, Molina, Jr., Kurt B. Larson, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

■■■

MEMORANDUM **

Tigranuhi and Nerses Gevorgyan ("Petitioners"), natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(2). We grant the petition for review, and remand for further proceedings.

Substantial evidence does not support the IJ's finding that the Petitioners lack a well-founded fear of future persecution based on the general discrimination against Jehovah's Witnesses in Armenia, and the physical mistreatment and detention the Petitioners suffered on account of Ms. Gevorgyan's religious beliefs. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (stating that where the degree of persecution against a group is great, the level of individualized persecution may be less).

We therefore remand this matter to the BIA for a determination, accepting the Petitioners established a well-founded fear of future persecution, whether the Petitioners are otherwise eligible for asylum or withholding of removal, and for the exercise of discretion whether to grant their application. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.